Paul WITTY, et al., Plaintiffs, Appellees,

v.

Michael S. DUKAKIS, etc., et al., Defendants, Appellees.

Gerald S. Kramer, et al., Plaintiffs, Appellants.

No. 93–1238.

United States Court of Appeals, First Circuit.

Heard Aug. 4, 1993.

Decided Sept. 2, 1993.

Mary Winstanley O'Connor with whom Gaffin & Krattenmaker, P.C., Boston, MA, was on brief, for plaintiffs, appellants.

Margaret Monsell, Asst. Atty. Gen., Comm. of Mass., with whom Scott Harshbarger, Atty. Gen., Boston, MA, was on brief, for defendants, appellees.

Before SELYA and STAHL, Circuit Judges, and FUSTE,* District Judge.

SELYA, Circuit Judge.

After failing to strike while the iron was hot, appellants invited the district court to overlook their lassitude and award them attorneys' fees under 42 U.S.C. § 1988. The district court demurred. We find the court's declination of appellant's invitation, premised on the lack of a timely fee petition, to be appropriate. Consequently, we affirm.

## I

We need not dwell on the provenance of the underlying suit. For present purposes, it suffices merely to say that parents of several mentally and physically handicapped children brought suit in a Massachusetts state court charging the named defendants, state officials, with dereliction of duty and seeking injunctive relief. The original plaintiffs averred in substance that the state had an obligation to continue the children's special education past age twenty-two; that the state legislature appropriated money to accomplish this objective; and that the executive branch then wrongfully impounded the funds. Plaintiffs later added a claim pursuant to 42 U.S.C. § 1983. Appellants, parents of similarly situated children, moved to intervene as parties plaintiff, making virtually identical claims. On October 10, 1989, a state judge granted their motion.

On October 18, defendants removed the action to the federal district court. All plaintiffs, including the appellants, moved to remand. On January 24, 1990, the district court, in an order reminiscent of the precedent proposed by Solomon to resolve conflicting claims of parentage, *see* 2 *Kings* 3:16–18, remanded the state-law claims but retained jurisdiction over the section 1983 claim. The parties subsequently reached a settlement resolving all the state-law claims. By virtue of this settlement, the plaintiffs, and all persons similarly situated, including appellants, achieved complete relief.

---

* Of the District of Puerto Rico, sitting by designation.

On January 15, 1991, plaintiffs asked the district court for attorneys' fees pursuant to 42 U.S.C. § 1988.[1] Appellants did not file a similar application. On June 21, 1991, the judge issued a memorandum order awarding plaintiffs $147,288.17. On August 12, 1991, final judgment entered. The judgment commemorated the fee award and dismissed the underlying claims as moot. On the same date, the case was administratively closed.

On April 23, 1992, appellants stirred from their apparent slumber and applied for fees. On July 17, the district court denied the application as untimely under D.Mass.Loc.R. 54.3, which requires a prevailing party to move for attorneys' fees within thirty days next following the entry of judgment, on pain of preclusion. Appellants moved for reconsideration. The court denied that motion on December 7. Appellants then tried a different route, moving for entry of judgment pursuant to Fed.R.Civ.P. 54(b). Appellants contended that, because the district court's earlier entry of judgment did not specifically mention "intervenors," it "adjudicate[d] fewer than all the claims . . . of fewer than all the parties," and therefore failed to "terminate the action." Fed.R.Civ.P. 54(b).[2] By virtue of this maneuver, appellants hoped to restart the clock in regard to the filing of an application for counsel fees. On December 31, 1992, the district court granted the motion for entry of judgment stating explicitly, however, that it was doing so "with respect to the only issue remaining, [appellants'] claim for attorney's fees." A judgment commemorative of the December 31 order entered on January 4, 1993. The district court subsequently refused to amend either the new or the old judgment and, by order dated February 3, 1993, again denied appellants'

request for attorneys' fees. This appeal ensued.

## II

■ Ordinarily, a prevailing plaintiff in a section 1983 case is entitled to recover reasonable attorneys' fees "unless special circumstances would render such an award unjust." *Blanchard v. Bergeron,* 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67 (1989); *Newman v. Piggy Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). Local Rule 54.3 conditions this entitlement by requiring prevailing parties to file fee applications within thirty days next following the entry of judgment or else forever hold their peace. The genealogy of this timeliness requirement is impeccable. *See White v. New Hampshire Dep't of Empl't Sec.,* 455 U.S. 445, 454, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1981) (suggesting that courts adopt such rules); *Baird v. Bellotti,* 724 F.2d 1032, 1037 n. 6 (1st Cir.1984) (similar).

In general, rules limiting the time within which fee claims may be filed are enforceable according to their tenor. Here, appellants do not question the propriety of such rules. By like token, appellants have shown insufficient reason why they should be excused from the operation of Local Rule 54.3. Nevertheless, appellants weave an imaginative tapestry featuring manifold reasons why the district court erred in refusing to entertain their fee petition. Having pulled each asseverational thread, we find the fabric to be unserviceable.

■ First, appellants say that, inasmuch as the 1991 judgment made no particular mention of them, it could not have been a final judgment within the meaning of the Civil Rules and, therefore, the 30-day time

---

1. 42 U.S.C. § 1988 provides in pertinent part that, in actions brought under the aegis of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

2. Rule 54(b) provides in pertinent part:
 When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no

just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

period specified in Local Rule 54.3 did not begin to run until January 4, 1993 (when the district court, at appellants' behest, entered another judgment). But, appellants proceed from a mistaken assumption.

A judgment is final "when the court enters a decision resolving the contested matter, leaving nothing to be done except execution of the judgment." *United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 14 (1st Cir.1988).[3] Since appellants had intervened as parties plaintiff and their substantive claims matched those of the original plaintiffs, the action was effectively ended when the court dismissed plaintiffs' federal claims as moot. *See* 7C Charles A. Wright et al., *Federal Practice and Procedure* § 1920, at 488 (1983) (explaining that, as a general rule, "the intervenor is treated as if he were an original party and has equal standing with the original parties"). At that point in the proceedings, then, appellants' claims had no independent life.

We add a postscript. We think that the 1991 judgment, by dint of plain language and surrounding context, disposed of all remaining claims. If, however, any ambiguity existed, we would be bound to defer to a reasonable interpretation of the judgment's meaning and effect elucidated by the judicial officer who authored it. *See, e.g., Metropolitan Dist. Comm'n*, 847 F.2d at 14; *Martha's Vineyard Scuba Headquarters, Inc. v. Unidentified, Wrecked and Abandoned Steam Vessel*, 833 F.2d 1059, 1066–67 (1st Cir.1987); *Lefkowitz v. Fair*, 816 F.2d 17, 22–23 (1st Cir.1987); *Advance Fin. Corp. v. Isla Rica Sales, Inc.*, 747 F.2d 21, 26 n. 10 (1st Cir. 1984). Here, the district judge, in denying the fee application as untimely, made it crystal clear that she believed the 1991 judgment disposed of all remaining claims, appellants' included, and that she intended the judgment to have precisely that culminative effect. Because the district judge's reading is, far and away, the most plausible interpretation

that can be placed on the judgment, appellants' attempt to argue otherwise can only be viewed as a prime example of disappointed litigants elevating hope above reason.

 Second, appellants asseverate that the 30–day period specified in Local Rule 54.3 began to run anew when the district court entered another judgment on January 4, 1993. This argument is also flawed. To the extent it relies upon the alleged incompleteness or lack of finality of the earlier judgment, it fails on the basis of what we have already written. To the extent that this argument has a somewhat different focus, it conveniently overlooks that the 1993 judgment entered at appellants' express request. From the district court's standpoint, the judgment's only effect was to put a tidy end to appellants' belated quest for fees.[4] A party confronted by a set period for taking an action cannot allow the time to lapse and then resurrect his rights merely by asking the court to reconsider or to confirm what the court has already done. *See, e.g., Fisichelli v. City, Etc. of Methuen*, 884 F.2d 17, 18–19 (1st Cir.1989); *Rodriguez–Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2 (1st Cir.1989); *see also Browder v. Director, Ill. Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). After all, "[t]he law ministers to the vigilant not to those who sleep upon perceptible rights." *Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1297, 99 L.Ed.2d 506 (1988).

 Third, appellants argue that the 1991 judgment had no dispositive effect because they received no contemporaneous notice of its entry. This suggestion ignores an abecedarian rule of civil practice: parties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them. *See Vargas v. Gonzalez*, 975 F.2d 916, 917 (1st Cir.1992);

---

**3.** It is, of course, well settled that a judgment is considered "final" if it resolves the merits, despite the fact that it leaves claims for attorneys' fees to be adjudicated at a later date. *See White*, 455 U.S. at 452 & n. 14, 102 S.Ct. at 1167 & n. 14; *Crossman v. Maccoccio*, 792 F.2d 1, 2–3 (1st Cir.1986) (per curiam).

**4.** The district court made this abundantly clear both in the wording of its order and in holding fast to its earlier refusal to grant fees.

*Spiller v. U.S.V. Labs., Inc.,* 842 F.2d 535, 537 (1st Cir.1988); *cf.* Fed.R.Civ.P. 77(d) (providing that "lack of notice of the entry [of a judgment] by the clerk does not affect the time to appeal"). Had appellants exercised even a modicum of diligence, they would have known that proceedings were in progress to assess attorneys' fees and, thereafter, that the case had been closed. In sum, appellants' professed lack of awareness cannot be permitted to frustrate the 30–day time limit limned in Local Rule 54.3.

■ Next, appellants assert that the district court's denial of fees was inexplicit—it did not particularly describe the "special circumstances" that rendered a fee award "unjust," *Blanchard,* 489 U.S. at 89 n. 1, 109 S.Ct. at 942 n. 1—and, therefore, defective. This assertion blinks reality. The pertinent facts are as follows. The district court initially rebuffed appellants' fee application on July 17, 1992. The court's order explained that the fee request was time barred. Appellants later made two subsequent motions that, in effect, asked the court to revisit the matter of fees. The district court denied these motions without comment; the operative orders were entered on December 7, 1992 and February 3, 1993, respectively.

■ Appellants urge us to set aside the last two orders for lack of findings. We see no need to do so. So long as a district court's reason for denying fees or monetary sanctions is (1) well founded, (2) sufficient to the stated end, and (3) apparent on the face of the record, a reviewing tribunal will not insist on unnecessary punctilio. *See, e.g., Figueroa–Ruiz v. Alegria,* 905 F.2d 545, 549 (1st Cir.1990) (requiring explanation only when reason for denial of sanctions is "not obvious or apparent from the record"); *Morgan v. Massachusetts Gen. Hosp.,* 901 F.2d 186, 195 (1st Cir.1990) (similar); *see also Brewster v. Dukakis,* 3 F.2d 488, 493 (1st Cir.1993) (affirming reduction in claimed attorneys' fees despite absence of explicit findings); *Jacobs v. Mancuso,* 825 F.2d 559, 564

(1st Cir.1987) (acknowledging that there are some circumstances in which judges confronted by fee requests may "be allowed to draw conclusions ... without full articulation"). The case at bar comes squarely within this principle. It is perfectly clear that the district court's thinking had not changed between July 17 and December 7, and that the denial of fees on the latter date, and thereafter in February of 1993, stemmed from the court's steadfast, unarguably correct belief that the time for filing a viable fee application had expired. Because the record clearly confirms the existence of this "special circumstance," no more is exigible.

■ Finally, appellants claim that the district court's failure to grant their motion for postjudgment relief in a manner that would have opened a new 30–day window constituted an abuse of discretion. But the district court's discretion under Fed.R.Civ.P. 60(b) is "wide," *Cotto v. United States,* 993 F.2d 274, 277 (1st Cir.1993); *accord Valley Citizens for a Safe Env't v. Aldridge,* 969 F.2d 1315, 1317 (1st Cir.1992),[5] and we discern no abuse in this instance. Whether the district court, as a matter of grace, might have had discretion to vacate and reenter the 1991 judgment or otherwise relieve appellants from the burden of Local Rule 54.3 is not the issue. Here, the judge did not see fit to extend discretionary relief—and we can hardly fault her for refusing to extricate appellants from a self-dug hole. *See, e.g., Zaklama v. Mt. Sinai Med. Ctr.,* 906 F.2d 645, 649 (11th Cir.1990) (affirming trial court's denial of fee petition for applicant's failure to comply with timeliness requirements of local rule; stating, *inter alia,* "[p]ractitioners must adhere to applicable local rules in order for those local rules to have effect and federal courts by enforcement will preserve the integrity of local rules, absent problems of a constitutional dimension").

### III

We need go no further. Local Rule 54.3 provides a reasonable period of time follow-

---

5. It makes no difference that appellants also invoked Fed.R.Civ.P. 59(e). The same expansive discretion inheres under that rule. *See Mackin v. City of Boston,* 969 F.2d 1273, 1279 (1st Cir. 1992), *cert. denied,* — U.S. —, 113 S.Ct. 1043, 122 L.Ed.2d 352 (1993); *United States v. Land at 5 Bell Rock Rd.,* 896 F.2d 605, 611 (1st Cir.1990); *Appeal of Sun Pipe Line Co.,* 831 F.2d 22, 25 (1st Cir.1987), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988).

ing the entry of judgment within which a prevailing party may bring an application for attorneys' fees. Appellants dawdled well past the deadline; they did not file their application until eight months after judgment entered. The district court acted well within its discretion in refusing to entertain so stale an entreaty.

*Affirmed.*