[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 96-1890

JOSE ENRIQUE COLON-SANTANA,

Appellant,

v.

JULIO MARTINEZ-MALAVE, ET AL.,

Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Boudin and Stahl, Circuit Judges. 



Jose Enrique Colon Santana on brief pro se. 
Carlos E. Aquilar Perez and Woods & Woods on brief for appellees. 



August 22, 1997


Per Curiam. Jose Enrique Colon-Santana appeals from the 

district court's dismissal of his appeal from a bankruptcy

court order imposing costs and attorneys' fees on Colon and

his client. The district court dismissed the appeal and

affirmed the bankruptcy court's denial of appellant's Motion

for Reconsideration of the Judgment ("the Motion") on the

ground that the notice of appeal had been untimely filed.

Appellant concedes that the notice of appeal from the

district court order awarding costs and attorneys' fees ("the

Judgment") was untimely filed under Bankruptcy Rule 8001.

That Rule requires an appeal to be filed within 10 days of

the judgment appealed from. The Judgment was entered on

April 2, 1993. The Notice of Appeal was filed on September

21, 1993. "Untimely notice of appeal deprives the district

court of jurisdiction to review the bankruptcy court's

order." In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985). 

In an effort to overcome this formidable obstacle,

appellant argues that the bankruptcy court abused its

discretion in not granting the Motion. He contends that his

failure to file a timely notice of appeal should have been

excused because the court clerk had mailed notice of entry of

the Judgment to the wrong address and appellant had not

received it until after the appeal period had expired.1 1

 

1 The appeal to the district court was timely with 1
respect to the bankruptcy court's order denying the Motion,
which order was entered on September 13, 1993.

-2-

1. Bankruptcy Rule 8002(c) 

Even if, as appellant suggests, we construe the Motion

as a request for an extension of time to appeal, pursuant to

Bankruptcy Rule 8002(c), the request was untimely. "The

wording of Rule 8002(c) makes it clear that once 30 days have

expired from the entry of the order without some notice of

appeal having been filed (either before or following the

expiration of the ten-day period), no appeal may ever be

taken, even upon a showing of excusable neglect." 10

Lawrence P. King, Collier on Bankruptcy 8002.09 (15th ed. 

rev. 1997); see, e.g., In re Martinez, 97 B.R. 578, 580 

(B.A.P. 9th Cir. 1989), aff'd, 919 F.2d 145 (9th Cir. 1990).

Neither the Motion nor the Notice of Appeal were filed within

30 days of the entry of the Judgment. Therefore, Rule

8002(c) did not authorize the extension of the appeal period

in this case, even if Colon had demonstrated "excusable

neglect."

2. Fed. R. Civ. P. Rule 60(b) 

In the alternative, appellant seems to argue that the

Motion should have been construed as made pursuant to Fed. R.

Civ. P. 60(b), which has been used in some instances to

revive lost rights of appeal. See Scola v. Boat Frances, R., 

Inc., 618 F.2d 147, 152 (1st Cir. 1980). Rule 60(b), made 

applicable to bankruptcy cases by Bankruptcy Rule 9024,

permits a motion for relief from a judgment or order to be

-3-

filed "within a reasonable time" after judgment enters. We

assume for the purposes of this appeal that the Motion was

pursuant to Rule 60(b) and that it was filed "within a

reasonable time."

Appellant's reliance on Rule 60(b) is misplaced,

however, where lack of notice is the reason for the

untimelines of the appeal. Bankruptcy Rule 9022(a), like

Fed. R. Civ. P. 77(d), provides that, although the clerk is

to provide notice of entry of judgment to the parties,

"[l]ack of notice of the entry does not affect the time to

appeal or relieve or authorize the court to relieve a party

for failure to appeal within the time allowed, except as

permitted in Rule 8002." Rule 9022(a).

"The courts have unanimously agreed, a mere lack of Rule

77(d) notice does not justify Rule 60(b) relief." 12 Moore's 

Federal Practice, 60.48[6][c] (3d ed. 1997). "[P]arties to 

an ongoing case have an independent obligation to monitor all

developments in the case and cannot rely on the clerk's

office to do their homework for them." Witty v. Dukakis, 3 

F.3d 517, 520 (1st Cir. 1993). Therefore, even if we assume

(without deciding) that appellant did not receive notice of

entry of the Judgment within the appeal period, that fact

alone would not justify Rule 60(b) relief. Appellant has not

alleged that he diligently monitored the bankruptcy court

docket to determine if there had been a ruling on appellees'

-4-

Motion Requesting Ruling on Sanctions, which was filed only

four months before the Judgment was entered. The bankruptcy

court did not abuse its broad discretion in denying the

Motion. See Witty, 3 F.3d at 521. 

The district court's Opinion and Order dated June 4,

1996, is affirmed. See Loc. R. 27.1. 

-5-