**Connie BAKER, Plaintiff–Appellant,**

v.

**Steven THOMAS, M.D., et al.,**
**Defendants–Appellees.**

**No. 03–5715.**

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

Connie Baker, LaGrange, KY, pro se.

Before MERRITT and SUTTON, Circuit Judges; and FEIKENS, District Judge.*

### ORDER

Connie D. Baker, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Baker is incarcerated at the Kentucky State Reformatory ("KSR"). In the complaint, he lists Dr. Steven E. Thomas and Dr. Anthony George, Sr., as defendants in this action. According to the complaint, these two defendants are surgeons employed by Jewish Hospital in Louisville, Kentucky. Baker also names John Doe, a possible employee of Jewish Hospital as a defendant in this action. The defendants are sued in both their individual and official capacities. Baker seeks compensatory damages, punitive damages, attorney fees,

---

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

costs, and "any and all such further relief as the court deems just and proper."

According to the complaint and attachments, Baker experienced vomiting and abdominal problems while he was incarcerated at "Eddyville." After two weeks of feeling ill, he was brought to Jewish Hospital where he was medically evaluated. It was discovered that Baker had "longstanding small bowel obstruction, hypokalemia and dehydration." He was evaluated at Jewish Hospital, was treated, and underwent an exploratory laparotomy. Defendant Thomas performed this surgical procedure; he was assisted by Defendant George.

Baker contends that during this surgical procedure, he was cut open two times. He states that the first incision was a mistake made in the wrong place. According to Baker, a second incision had to be made in order to get at the appropriate area. Baker believes the first incision was made by an intern who was not qualified. Further, Baker states that the intern "did not adhere to the instructions given to him by the surgeon in charge that evening." According to Baker, the first incision made by the intern had to be corrected by the surgeons. The first incision left Baker with a horrible permanent scar and inflicted unnecessary pain upon him. The first incision also caused Baker to sustain an infection which forced him to remain in the hospital longer. Baker states that he is not complaining about the operation itself, but the first incision which caused the second one to get infected, which, in turn, caused Baker added pain and suffering.

Baker claims that the defendants did not adhere to proper operating techniques, and that they negligently employed, retained, supervised, trained, and controlled the defendants. Baker further claims that the defendants acted negligently and were deliberately indifferent to his health. He contends that the defendants' actions violated the Fifth, Eighth, and Fourteenth Amendments.

Upon initial screening of the complaint, the district court sua sponte dismissed the complaint after concluding that the defendants were not state actors for purposes of § 1983 liability. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir.1996). Additionally, the court held that the allegations made by Baker did not rise to the level of a constitutional tort. *See Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The judgment dismissing the civil rights case was entered on December 9, 2002.

On March 12, 2003, Baker filed a "Reconsideration of Order Dated 12/09/02 for Stated Reasons" which the district court construed as a motion for reconsideration. In his motion, Baker states that he never received a copy of the December 9, 2002 memorandum opinion and order. Baker requested that the district court send him a copy of the memorandum opinion and order. Baker also requested that he be given an opportunity to respond to the memorandum opinion and be given an opportunity to amend the complaint to conform to the evidence prior to dismissal.

The district court reviewed the record and found that the memorandum opinion and order dismissing the action was sent to the Kentucky State Penitentiary ("KSP"). However, this document was returned to the court stating "Not Deliverable as Addressed and Unable to Forward" and "Inmate no longer at KSP." The record also revealed that Baker stated in both his complaint and his application to proceed in forma pauperis and affidavit that he was housed at KSR. The record further revealed that the Clerk of Court's Office incorrectly sent the documents to KSP rather than KSR. Therefore, to the extent

Baker's motion requested that the December 9, 2002, memorandum opinion and order be resent to him, the court granted the motion. The court directed the Clerk of Court to serve on the plaintiff a copy of the memorandum opinion and order entered December 9, 2002. The district court denied Baker's motion for reconsideration to the extent Baker requested an opportunity to amend the complaint. The order regarding the motion for reconsideration was entered May 22, 2003, and the plaintiff filed a notice of appeal on May 30, 2003.

Because Baker filed his motion to reconsider more than ten days after entry of the district court's December 9, 2002, order, it did not toll the appeal period for that order. See Fed.R.Civ.P. 59(b), (e); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998). Instead, it is properly construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). This court reviews the denial of a motion for relief from judgment for abuse of discretion. *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Feathers*, 141 F.3d at 268.

Review of an order denying relief from judgment does not bring up the underlying judgment or order for review. *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers*, 141 F.3d at 268; *Hood*, 59 F.3d at 42. Subsection (b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id.*

When this standard is applied, it is clear that the district court did not abuse its discretion in denying Baker relief from judgment. Baker does not assert any of the foregoing specified circumstances, nor does he set forth any exceptional or extraordinary circumstances which would entitle him to relief. Lack of notice cannot be the reason for the untimeliness of the appeal. Federal Rule of Civil Procedure 77(d) provides that, although the clerk is to provide notice of entry of judgment to the parties, "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." "The courts have unanimously agreed, a mere lack of Rule 77(d) notice does not justify Rule 60(b) relief." 12 Moore's Federal Practice, § 60.48[6][c] (3d ed.1997). "[P]arties to an ongoing case have an inde-

pendent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them." *Witty v. Dukakis,* 3 F.3d 517, 520 (1st Cir.1993). Therefore, even if it is assumed that Baker did not receive notice of entry of the December 9, 2002 order within the appeal period, that fact alone would not justify Rule 60(b) relief. Baker has not alleged that he diligently monitored the district court docket to determine if there had been a decision in the case.

■ Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid sua sponte dismissal. *Baxter v. Rose,* 305 F.3d 486, 489 (6th Cir.2002); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997). Therefore, to the extent Baker requested an opportunity to amend the complaint, the district court did not abuse its broad discretion when it denied the motion.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.