**Kelvin R. DAVIS, Plaintiff–Appellant,**

v.

**CITY OF CINCINNATI; Charles Gregory Neeley, Defendants–Appellees.**

No. 03–4599.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Rehearing En Banc Denied Dec. 30, 2004.

Kelvin R. Davis, Cincinnati, OH, Plaintiff–Appellant Pro Se.

Frank Horace Prouty, Jr., City Solicitor's Office for the City of Cincinnati, Cincinnati, OH, for Defendants–Appellees.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

*ORDER*

Kelvin R. Davis, proceeding pro se, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Davis filed suit against the City of Cincin-

nati and Officer Charles Gregory Neeley. Davis asserted that: 1) Officer Neeley stopped him without probable cause because he is an African–American; 2) the City's rejection of a Justice Department recommendation that police officers should report the drawing of firearms creates a policy in favor of the unrestrained drawing of firearms; and 3) the City failed to properly train and supervise its officers. Davis also asserted supplemental state law claims.

The parties consented to final disposition by a magistrate judge and filed cross-motions for summary judgment. The magistrate judge concluded that Officer Neeley was entitled to qualified immunity and that the City could not be held liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for opposing the recommended firearm policy. The magistrate judge then denied Davis's motion for summary judgment, granted the defendants' motion for summary judgment, and did not decide Davis's § 1983 claim against the City. The order was entered June 23, 2003. Davis sought to appeal the order, but this court dismissed the appeal on September 16, 2003, because the magistrate judge's order did not dispose of all the claims or contain Fed.R.Civ.P. 54(b) certification.

Meanwhile, on July 18, 2003, the City filed a motion for judgment as a matter of law, to which Davis did not respond. On October 2, 2003, the magistrate judge granted the motion and dismissed the case.

Davis then filed the instant appeal. Davis asserts that Officer Neeley and the City should be held liable for violating his Fourth Amendment rights and that the magistrate judge erred by granting the motion for judgment as a matter of law shortly after this court dismissed the first appeal.

Upon de novo review, we conclude that the magistrate judge properly granted summary judgment to the defendants. *See* Fed.R.Civ.P. 56(c); *DiCarlo v. Potter,* 358 F.3d 408, 414 (6th Cir.2004).

The magistrate judge properly concluded that Officer Neeley was entitled to qualified immunity because Officer Neeley's conduct did not violate a clearly established constitutional right. *See Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Officer Neeley reasonably believed that criminal activity was afoot and that Davis might be armed based on police dispatches of an armed robbery possibly involving a Yellow Checker cab. *See Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Davis's cab was within a mile of the reported location and was leased from the Yellow Checker Cab company. Moreover, Davis matched the general description of one of the suspects. Although the cab numbers were different, it was not unreasonable for Officer Neeley to believe that the number for the cab connected to the robbery could have been reported inaccurately. Thus, Officer Neeley did not violate Davis's constitutional rights by detaining, handcuffing for a short period, and frisking him.

The magistrate judge did not abuse his discretion by granting the motion for judgment as a matter of law once this court dismissed the first appeal. The magistrate judge had no duty to inform Davis how or when to proceed following this court's order. " '[P]arties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them.' " *Baker v. Thomas,* 86 Fed. Appx. 906, 908–09 (6th Cir.2004) (quoting *Witty v. Dukakis,* 3 F.3d 517, 520 (1st Cir.1993)).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.