**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 05-2423

MAC S. HUDSON,

Plaintiff, Appellant,

v.

PAUL DIPAOLO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Mac Hudson on brief pro se.
Stephen G. Dietrick, Deputy General Counsel, and Nancy Ankers White, Special Assistant Attorney General, on brief for appellees.

May 12, 2006

**Per Curiam**. Appellant, a prison inmate acting pro se, challenges the district court's denial of his motion for leave to file a late notice of appeal from the judgment entered in favor of defendants in his civil rights action filed under 42 U.S.C. 1983. We review the denial of a motion for leave to file a late notice of appeal for abuse of discretion. See Mirpuri v. Act Mfg., Inc., 212 F.3d 624, 627 (1st Cir. 2000).

Appellant argues that he was unable to file a timely appeal because he did not receive notice of the final judgment entered April 1, 2003, until August 2005. Where a party has not received notice of the entry of a judgment, the thirty-day appeal period provided in Fed. R. App. P. 4(a)(1)(A) may be re-opened for a fourteen-day period, but only when the motion to reopen "is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . [of entry], whichever is earlier; and . . . the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6). Since appellant's motion was filed well beyond the 180-day period in which a motion to reopen would have been permitted, this exception is of no help to him.

To the extent appellant suggests that the district court should have entered his motion to reopen nunc pro tunc, his argument is unavailing because, even assuming, arguendo, that the

district court had authority to follow such a procedure, it did not abuse its discretion in declining to do so given its finding that appellant had failed to fulfill his duty to diligently monitor the docket.  See Mirpuri, 212 F.3d at 631; Witty v. Dukakis, 3 F.3d 517, 520 (1st Cir. 1993).  See also Fed. R. Civ. P. 77(d) ("[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed").

Affirmed.  See 1st Cir. Loc. R. 27(c).