NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERNESTINE H. BROXSIE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7131

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-4324, Judge Ronald M. Holdaway.

---

## ON MOTION

---

Before PROST, MAYER and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

Ernestine H. Broxsie responds to the court's June 21, 2012 order requiring her to show cause why this appeal should not be dismissed as untimely. The Secretary also

responds, requesting that the appeal be dismissed for lack of jurisdiction.

The Court of Appeals for Veterans Claims entered judgment in this case on March 16, 2012. The court received Broxsie's notice of appeal on May 22, 2012, 67 days after the date of the judgment.

Any appeal from the Court of Appeals for Veterans Claims must be received within 60 days of the date of entry of judgment. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1). The statutory deadline for taking an appeal to this court is jurisdictional and mandatory. *See Bowles v. Russell*, 551 U.S. 205 (2007); *see also Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011) (noting Congress's intent to impose the same jurisdictional restrictions on an appeal from the Veterans Court to the Federal Circuit as on an appeal from a district court to a court of appeals).

Broxsie notes that she moved while her appeal was pending below and she did not receive a copy of the Veterans Court's decision at her new address. However, the duty to monitor the status of the case falls on the appellant. *See, e.g., Witty v. Dukakis*, 3 F.3d 517, 521 (1st Cir. 1993). In any event, this court "has no authority to create equitable exceptions to jurisdictional requirements," even if such "rigorous rules . . . are thought to be inequitable[.]" *Bowles*, 551 U.S. at 214. Because this appeal was not received within the statutory period, we must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

**AUG 13 2012**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Ernestine H. Broxsie
     Joseph A. Pixley, Esq.

s25

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 13 2012

JAN HORBALY
CLERK