17-1620
Singh v. Whitaker

BIA
Nelson, IJ
A205 587 165

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand nineteen.

PRESENT:
        JOHN M. WALKER, JR.,
        RICHARD C. WESLEY,
        SUSAN L. CARNEY,
             *Circuit Judges.*
_____

GURNAM SINGH,
        *Petitioner,*

        v.                                          17-1620
                                                    NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New
                         York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Mary Jane
                         Candaux, Assistant Director; Remi
                         Da Rocha-Afodu, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurnam Singh, a native and citizen of India, seeks review of an April 26, 2017, decision of the BIA affirming a July 28, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurnam Singh,* No. A 205 587 165 (B.I.A. Apr. 26, 2017), *aff'g* No. A 205 587 165 (Immig. Ct. N.Y. City July 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the adverse credibility determination under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor,

2

or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  The agency reasonably relied on inconsistencies between Singh's written statement, corroborating evidence, and testimony, as well as his demeanor and lack of reliable corroborating evidence, which, considered together, provide substantial evidence for the adverse credibility determination.

The agency reasonably relied on inconsistencies between Singh's testimony and his documentary evidence regarding whether Singh was harmed by the police or government authorities in India.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Affidavits from Singh's wife and a village leader stated that government agencies beat and tortured Singh, Spec. App. 34 n.2, while Singh testified that he was tortured only by members of the Congress Party.  Singh's explanation created an additional inconsistency: he stated that he was not

3

tortured when he went to the police but that he was kept for one day and then released. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

Singh's testimony was also inconsistent with his written statement. He wrote that in June 2015, Congress Party members went to his home where they threatened his wife and assaulted his sons, but he testified that his family was not at home when the members arrived, so the members moved on to his brother's house. Singh argues that this discrepancy should not be considered because he was in the United States at the time of the event. But the agency reasonably relied on the discrepancy as Singh volunteered information about the incident in a written statement prepared only days before his hearing and then testified to a "dramatically different" version of events. *See Majidi*, 430 F.3d at 80 (determining that "dramatically different" accounts of an incident was substantial evidence for an adverse credibility determination). Given the obvious nature of the inconsistency, the IJ was not required to

4

press Singh for further explanation or call the inconsistency to his attention. *Cf. Ming Shi Xue v. BIA,* 439 F.3d 111, 121 (2d Cir. 2006) ("[W]here the perceived incongruities in an asylum applicant's testimony are not plainly obvious, an IJ cannot rely on them to support an adverse credibility ruling without first identifying the alleged inconsistencies for the applicant and giving the applicant an opportunity to address them.").

The agency also reasonably relied on another inconsistency between Singh's testimony and written statement. In his written statement, Singh reported that he was attacked by three individuals in December 2012, but he testified on cross-examination that four individuals attacked him. See 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.").

The adverse credibility determination is bolstered by the IJ's description of Singh as evasive in responding to questions while testifying. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We grant particular deference to this

5

finding, "in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The record supports the IJ's conclusion, as evidenced by Singh's nonresponsive answers to questions about his army service and the injuries he allegedly sustained during an attack by the Congress Party.

Finally, the agency reasonably concluded that Singh failed to rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). As discussed previously, affidavits from Singh's wife and a village leader were inconsistent with Singh's testimony regarding whether he was tortured by government officials. The reliability of these affidavits and others was further undermined by their

use of identical language despite allegedly independent authorship. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (noting that our case law "has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"). Singh's testimony undermined the reliability of an affidavit submitted on behalf of the Mann Party because Singh initially testified that the person who signed the letter was not a Mann Party member. Nor did the agency err in giving diminished weight to a medical certificate that was not authenticated and did not indicate in what year Singh received treatment. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence").

Given the inconsistencies between Singh's testimony, proffered corroborating evidence, and written statement, his evasiveness in answering questions, and the lack of reliable corroborating evidence, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because Singh's claims were all based on the same factual predicate, the adverse credibility determination is

dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court