**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6526**

WILLIAM R. COUCH; SCOTT M. BOGER,

              Plaintiffs - Appellants,

      v.

HAROLD CLARKE; A. DAVID ROBINSON; JOHN A. WOODSON; LYNN
GRAHAM,

              Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  James P. Jones, District Judge.  (7:18-cv-00049-JPJ-PMS)

Submitted:  October 10, 2019                         Decided:  October 29, 2019

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

William R. Couch, Scott M. Boger, Appellants Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William R. Couch and Scott M. Boger appeal the district court's order granting summary judgment in favor of Harold Clarke, A. David Robinson, John A. Woodson, and Lynn Graham (collectively, "Appellees") on Couch and Boger's 42 U.S.C. § 1983 (2012) complaint challenging the constitutionality of the incoming general correspondence policy at the facility in which Couch is housed. "We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Couch and Boger argue that the district court improperly took judicial notice of disputed facts from outside the record. "Judicial notice" is a term of art under the Federal Rules of Evidence, allowing judges to recognize facts not proven in the record that are "not subject to reasonable dispute." *See* Fed. R. Evid. 201. We review evidentiary rulings, such as a court's taking judicial notice, for abuse of discretion. *See United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). We have reviewed the record and conclude that the district court did not err on these grounds.

Couch and Boger also challenge the district court's grant of summary judgment as to their claims arising under the First Amendment. "Courts have generally concluded that the First Amendment rights retained by convicted prisoners include the right to

communicate with others beyond the prison walls." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 213 (4th Cir. 2017). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The four factors courts consider in determining whether a regulation satisfies this standard are:

> (1) whether a valid, rational connection exists between the prison regulation and the legitimate governmental interest put forward to justify it, (2) whether alternative means of exercising the right exist, that remain open to prison inmates, (3) what impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally, and (4) whether there was an absence of ready alternatives to the regulation in question.

*Heyer*, 849 F.3d at 214 (alterations and internal quotation marks omitted). The prisoner bears the burden of proving the invalidity of the challenged regulation, *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003), and, in determining the reasonableness of the regulation, "the right in question must be viewed sensibly and expansively," *Thornburgh v. Abbott*, 490 U.S. 401, 417 (1989) (internal quotation marks omitted). We have reviewed the record and conclude that the district court correctly determined that the *Turner* factors weighed in Appellees' favor.

Finally, Couch and Boger challenge the district court's determination that Couch did not have a cognizable property interest in his incoming mail that was destroyed pursuant to the mail policy. In analyzing a claim under the Due Process Clause of the Fourteenth Amendment, we first consider whether the inmate has asserted a protectable interest and, if so, whether he was afforded the minimum procedural protections required by the Fourteenth Amendment in depriving him of that interest. *Incumaa v. Stirling*, 791

3

F.3d 517, 526 (4th Cir. 2015). To demonstrate a sufficient property interest, an inmate must have "an individual entitlement grounded in state law." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982). If the inmate does not have such an interest, then the protections of the Due Process Clause do not apply. *See Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). We have reviewed the record and conclude that the district court did not err in granting summary judgment to Appellees on this claim.

Accordingly, we affirm the district court's order granting summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*