**Jaime LORA–RIVERA, Plaintiff,**

v.

**DRUG ENFORCEMENT ADMINISTRATION DEPARTMENT OF JUSTICE, Pedro Nieves, Jorge L. Arroyo United States of America, Defendants.**

No. Civ. 90–2307CCC.

United States District Court, D. Puerto Rico.

Sept. 30, 1992.

Luis Rafael Rivera, for plaintiff.

Daniel F. López–Romo, U.S. Atty., María Hortensia Ríos–Gándara, Asst. U.S. Atty., for defendants.

## OPINION AND ORDER

CEREZO, District Judge.

On October 3, 1990 plaintiff Jaime Lora–Rivera filed this action pursuant to the Federal Tort Claims Act (FTCA) seeking compensatory relief for damages arising out of malicious prosecution. Defendants filed a motion to dismiss [1] which was opposed by plaintiff. Even taking into account the arguments presented in the untimely filed opposition, plaintiff's claim for malicious prosecution does not lie.

### I. *Jurisdictional matters*

■ A. The FTCA is a limited waiver of sovereign immunity. This Court has repeatedly held that a Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States. *Harrington v. United States*, 748 F.Supp. 919, 927 (D.P.R.1990).

One of the limited waivers of sovereign immunity created by Congress is the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* The FTCA provides exclusive remedy for suits against the United States or its agencies sounding in tort, that is, actions for money damages, injury, loss of property or death caused by the negligent or wrongful acts of any employee of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b), § 2679(b)(1).

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, ... *is exclusive of any other civil action or proceeding* for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim.

*Id.* (Our emphasis.)

■ Therefore, under the FTCA, only the United States, not its agencies and/or employees, may be sued *eo nomine*. 28 U.S.C. § 2679(a). Since plaintiff alleges the FTCA as the sole jurisdictional basis of his complaint, the Drug Enforcement Administration (DEA), the Department of Justice (DOJ) and Pedro Nieves and Jorge L. Arroyo must be dismissed as defendants for lack of subject matter jurisdiction. 28 U.S.C. § 2679(b); *see Fleischmann v. United States*, 637 F.Supp. 1200, (D.P.R. 1986).

### B. *The claims against the individual defendants*

Although it is clear that individual government employees may not be sued *eo nomine* pursuant to the FTCA, plaintiff requests in his opposition to defendants' motion that the claims against the individual defendants be dismissed without prejudice.

■ This action was filed back in October 1990. The individual defendants in this suit were not served with summons and a copy of the complaint within the 120 days required by Rule 4(j) of the Fed.R.Civ.P. Although Rule 4(j) provides that dismissal shall be without prejudice, defendants have requested that it be with prejudice. A dis-

---

**1.** Since defendants' motion was filed along with documents outside of the pleadings, the Court pursuant to Rule 12(b) of the Federal Rules of Civil Procedure treats defendants' motions as a motion for summary judgment. *See Afanador v. U.S. Postal Service*, 787 F.Supp. 261, 268 (D.P.R.1991).

missal without prejudice, however, has the effect of a prejudicial one when the statute of limitations has expired. *Hilton International Co. v. Unión de Trabajadores de la Industria Gastronómica de Puerto Rico*, 833 F.2d 10, 11 (1st Cir.1987). *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir.1987). Moreover, a dismissal without prejudice acts as one with prejudice where the Court lacks subject matter jurisdiction.[2]

## II. *Facts of this case*

The factual setting of this case is presented in *United States v. Victoria Peguero*, 920 F.2d 77 (1st Cir.1990), and on the docket of *United States v. Anglada Alvarez*, Cr. No. 88–465JP, so that we do not repeat them here.

For purpose of the motion before us we note that plaintiff and three others were initially arrested on November 16, 1988 by agents who intercepted them on a cocaine-laden boat about one and a half miles off the west coast of Puerto Rico, were indicted for drug related crimes, and were initially held in pretrial detention.

On July 1989, before calling the case for jury trial, the motions for severance filed by Lora–Rivera and co-defendant Sosa were granted (docket entry 124). Trial for the remaining defendants, Victoria and Anglada, began on July 14, 1989 (docket entry 129). The charges against both Lora–Rivera and Sosa were dismissed on July 21, 1989, pursuant to a plea agreement dated July 10, 1989 in which the government agreed to move for the dismissal of the charges pending against Lora–Rivera and Sosa in exchange for their testimony at trial against co-defendants Victoria and Anglada (docket entries 143, 144).

## III. *The elements of malicious prosecution*

Claims arising out of various intentional torts have been specifically exempted from the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(h). However, an amendment enacted in 1974 allows claims with regard to acts or omissions of investigative or law enforcement officers for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. Act of March 16, 1974, Pub.L. No. 93–253, § 2, 88 Stat. 50. *See Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir.1975).

The tort of malicious prosecution is the groundless institution of criminal proceedings against the claimant. *See Ivery v. United States*, 686 F.2d 410, 413 (6th Cir. 1982). The law of the state where the alleged tort was committed applies. *See Swift v. United States*, 866 F.2d 507 (1st Cir.1989); *Reilly v. United States*, 863 F.2d 149 (1st Cir.1988). In Puerto Rico, four essential elements must be alleged and proven in order for a claim of malicious prosecution to prosper. *Harrington v. United States*, 748 F.Supp. at 933.

These four elements are: 1) that a criminal action was initiated and instigated by defendants, 2) that the criminal action terminated in favor of plaintiffs, 3) that defendants acted with malice and without probable cause, and 4) that plaintiffs suffered damages. *Id.* (citing *Ocasio Carrasquillo v. Rosa Berríos*, 88 J.T.S. 42; *Raldiris v. Levitt & Sons of Puerto Rico, Inc.*, 103 D.P.R. 778, 781 (1975); *Escoda v. Hull Dobbs Co. of P.R.*, 100 P.R.R. 304; *see also Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404, 409 n. 7 (1st Cir.1990)).

'[P]robable cause' has been defined in the context of this action as a 'suspicion

---

**2.** As stated above, under the FTCA, there is no subject matter jurisdiction over claims against individual government employee/defendants. In the complaint, plaintiffs include what could be construed as *Bivens*-type claims against the individual defendants. *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc.*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Regardless of whether or not these claims are proper, this District Court has repeatedly held that the appropriate limitations period for *Bivens*-type claims is one year. *Padró v. Department of the Navy*, 759 F.Supp. 958 (D.P.R.1991); *López v. Aran*, 600 F.Supp. 323 (D.P.R.1984). Since the events that give rise to this suit occurred at the very latest in the July of 1989, and the complaint was filed in October 1990, the one-year statute of limitations would have expired.

founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true.' [S]aid question does not depend upon whether or not the offense was committed, 'but on the belief of the accuser in the truth of the charge made by him.'

*Id.* (citing *Raldiris v. Levitt, supra* (quoting *Parés v. Ruiz, supra,* at p. 331)).

■ "An indictment 'fair upon its face' and returned by a 'properly constituted grand jury' conclusively determines the existence of probable cause...." *Liles v. United States,* 638 F.Supp. 963, 968 (D.D.C.1986) (citing *Gerstein v. Pugh,* 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1974). "An indictment is sufficient to try a defendant on the counts charged therein, and satisfies the requirements of the Fifth Amendment, and it cannot even be challenged on the ground that it is based on inadequate or incompetent evidence." *Id.* (citing *United States v. Contreras,* 776 F.2d 51, 54 (2nd Cir.1985); *Lawn v. United States,* 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958); *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956)). The grand jury, by indicting the defendants, found probable cause to believe that plaintiff Lora–Rivera and the others on board had committed drug-related crimes. Plaintiff has raised no challenge to this indictment. Subsequently, the U.S. Magistrate found probable cause to detain all the men. Two of the defendants requested and were granted release on bail. The other two defendants—including plaintiff Lora–Rivera—remained at the State Penitentiary until mid-April, when they requested, and were granted, release.

Plaintiff also fails to satisfy another required element. For a successful malicious prosecution claim, a plaintiff must prove that the proceedings concluded in his favor. While plaintiff Lora–Rivera was ultimately not convicted on the drug-related violations charged, he was not acquitted either. Plaintiff entered into a plea agreement on July 10, 1989, which required his cooperation with the government at any grand jury, trial or other proceeding, in exchange for the government agreement to dismiss the charges after his testimony at his co-defendants' trial. The charges were, in fact, not dropped until after the trial against the two remaining defendants was held. Had Lora–Rivera chosen to go to trial, he would have risked a possible conviction and imprisonment.

In sum, plaintiff's claim for malicious prosecution fails to fulfill the elements of lack of probable cause and termination in his favor. Accordingly, defendants' Motion to Dismiss is GRANTED.

SO ORDERED.