**Carmen MARCUCCI DE MANGUAL, et al., Plaintiffs**

v.

**UNITED STATES of America, et al. Defendants**

No. CIV. 00–1953(JP).

United States District Court, D. Puerto Rico.

Feb. 2, 2001.

Reina Davis–Pérez, Ponce, PR, Carlos Fernández Nadal, Ponce, PR, for Plaintiff.

Camille L. Vélez Rivé, Assistant United States Attorney, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Plaintiffs, family members of decedent Rafael Mangual, instituted this action on July 27, 2000 against the United States of America and the Department of Veterans Affairs ("VA"), alleging that Rafael Mangual died as a result of the carelessness and negligence of personnel at the Veterans Hospital. The Court now has before it co-Defendant Department of Veterans Affairs' unopposed Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss (docket No. 5). For the reasons set forth below, the Motion to Dismiss and Memorandum of Law in Support of [the] Motion to Dismiss is hereby **GRANTED.**

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996) (citations

omitted); *see also Berríos v. Bristol Myers Squibb Caribbean Corp.,* 51 F.Supp.2d 61 (D.Puerto Rico 1999) (Pieras, J.). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto,* 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988)). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States,* 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1216 (1st Cir.1996)). It is with this framework in mind that this Court will assess the instant motion.

## III. PLAINTIFFS' ALLEGATIONS

On April 23, 1997, deceased patient Rafael Mangual ("Mangual") underwent periodontal surgery at the Veterans Hospital in Puerto Rico. (Compl. at ¶ 3.) Plaintiffs allege that Veterans Hospital personnel administered an improper dose of antibiotics to Mangual during the procedure, which resulted in the formation of Bacteria Streptococcus in deceased patient's heart. (Compl. at ¶ 4.) On May 8, 1997, a similar dental procedure was performed on Mangual. Mangual became ill after the surgery and died on May 25, 1997 at the Damas Hospital in Ponce, Puerto Rico. (Compl. at ¶ 7.) Plaintiffs allege that the negligence of Veterans Hospital personnel caused Mangual's death.

## IV. DISCUSSION

The Department of Veterans Affairs contends that it must be dismissed from this action because the Court lacks subject matter jurisdiction under the Federal Tort Claims Act to hear claims against it. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 provides the mechanism through which individuals can sue the United

States government for the tortious conduct of its employees. *Lazarini v. United States*, 898 F.Supp. 40, 44 (D.Puerto Rico 1995) (Pieras, J.). It is the exclusive remedy for actions for money damages, injury, loss of property or death caused by the negligent or wrongful actions of federal government employees during the scope of their employment. *Lora–Rivera v. Drug Enforcement Admin. Dep't. of Justice*, 800 F.Supp. 1049, 1050 (D.Puerto Rico 1992). Under the FTCA, only the United States may be sued eo nomine. *Id.* The act specifically states:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 2679(a).

 Therefore, according to the statute, federal agencies are immune from suits for money damages for death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. 1346(b)(1). In this case, Plaintiffs brought suit against the Department of Veterans Affairs. As the Department of Veterans Affairs is a federal agency, and as Plaintiffs' cause of action sounds in tort, Plaintiffs claims against the Department of Veterans Affairs must be dismissed for lack of subject matter jurisdiction. *Id.,* § 2679(b). The Court need go no further.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** co-Defendant Department of Veterans Affairs' Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss (docket No. 5) and hereby **DISMISSES WITH PREJUDICE** Plaintiffs'

claims against co-Defendant Department of Veterans Affairs.

**IT IS SO ORDERED.**