**Lourdes AVILES–DIAZ, et al., Plaintiffs,**

**v.**

**USA, et al., Defendants.**

**Civil No. 00–2497 (JAG).**

United States District Court, D. Puerto Rico.

April 16, 2002.

Gilberto Guzman–Hernandez, Hato Rey, PR, for Plaintiffs.

Lisa E. Bhatia–Gautier, U.S. Attorney's Office, San Juan, PR, for Defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Plaintiffs Lourdes Aviles Diaz ("Aviles"), Elpidio Suarez Nuñez ("Suarez") and the conjugal partnership constituted between them brought suit against defendants United States of America ("U.S."), the U.S. Department of Justice ("Justice"), the Drug Enforcement Administration ("DEA"), and Paul Andino ("Andino") pursuant to the Federal Torts Claim Act, 28

U.S.C.A. §§ 2671–2680 ("FTCA"). Defendants move to dismiss the Complaint (Docket No. 5), contending that plaintiffs claim falls outside the United States' limited waiver of sovereign immunity under the FTCA. For the reasons set forth below, the Court GRANTS defendants' motion.

## FACTUAL BACKGROUND

Plaintiffs seek compensation for the injuries they allegedly sustained as a result of a car accident with co-defendant Andino. By Plaintiffs' account, as it appears from the complaint, the accident occurred when Andino, negligently and in violation of the traffic laws of the Commonwealth of Puerto Rico, crashed into plaintiffs' car.

## DISCUSSION

### I.  Motion to Dismiss Standard

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a Complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. *See, Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs' favor. *See, Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir. 1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### II.  Federal Torts Claim Act

Defendants aver that plaintiffs' Complaint must be dismissed because the Court lacks subject matter jurisdiction under the FTCA to hear claims against co-defendants Justice, DEA and Andino. The FTCA was intended to remove the sovereign immunity of the U.S. from suits in tort and, with limited exceptions, to render U.S. liable in tort as a private individual would be under like circumstances. *See Richards v. U.S.*, 369 U.S. 1, 6, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). The FTCA, however, precludes tort suits against federal agencies or their employees. *See* 28 U.S.C. § 2679(a)[1]. Accordingly, under the FTCA, only the United States may be sued *eo nomine. See Marcucci de Mangual v. U.S.*, 131 F.Supp.2d 263, 265 (D.P.R.2001)

Plaintiffs' Complaint against Justice, DEA, federal agencies, and Andino must, therefore, be dismissed for lack of subject matter jurisdiction. *See Rivera v. U.S.*, 928 F.2d 592, 609 (2nd Cir.1991); *Eveland v. Director of C.I.A.*, 843 F.2d 46,49 (1st Cir.1988). *See also Santiago v. U.S.*, 884 F.Supp. 45 (D.P.R.1995); *Lora–Rivera v. Drug Enforcement Admin. Dept. of Justice*, 800 F.Supp. 1049, 1050 (D.P.R.1992); *Fleischmann v. United States*, 637 F.Supp. 1200, (D.P.R.1986). The Court need go no further.

---

1.  This section of the Act specifically states:
    The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss (Docket No. 5). Partial Judgment shall be entered dismissing the Complaint against co-defendants Justice, DEA and Andino for lack of subject matter jurisdiction.

**IT IS SO ORDERED**