[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 1, 2008
THOMAS K. KAHN
CLERK

No. 07-15801
Non-Argument Calendar

_____

D. C. Docket No. 05-21437-CV-SH

JAMES E. REED,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE,
JOHN E. POTTER,
Postmaster General, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 1, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

James E. Reed, proceeding pro se,[1] appeals the dismissal of his claims for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Reed argues that the district court erred in dismissing his negligent hiring claim brought under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction because the government waived sovereign immunity for claims against law enforcement officers arising from abuse of process, and, therefore, the court had subject matter jurisdiction over the claim. He also argued that the district court erred in dismissing his claims under § 301 of the Labor Management Relations Act for failure to state a claim because his claims were not time barred because the applicable time limitations period was tolled while he filed a complaint under Title VII of the Civil Rights act. After thorough consideration, we conclude that neither argument is persuasive and, accordingly, we affirm.

I.

We review dismissals for lack of subject matter jurisdiction de novo. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006) cert. denied 127 S. Ct. 2996 (2007). Factual findings concerning subject matter jurisdiction made by the

---

[1] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

district court are overturned only if clearly erroneous. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1238 (11th Cir. 2002).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C., 224 F.3d 1260, 1263 (11th Cir. 2000). The FTCA provides such a waiver of sovereign immunity in limited circumstances. When the United States, if a private person, would be liable to a claimant, the FTCA provides a limited waiver of sovereign immunity to permit imposing liability on the government for an injury caused by the negligent or wrongful act or omission of any government employee who is acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

Congress has adopted a number of exceptions to the FTCA's waiver of sovereign immunity—all of which must be construed strictly in favor of the government. JBP Acquisitions, LP, 224 F.3d at 1263. Among the claims exempted from the waiver of sovereign immunity are those claims arising out of an assault or battery. 28 U.S.C. § 2680(h). If the alleged conduct falls within one of the excluded categories, the court lacks subject matter jurisdiction over the action. JBP Acquisitions, 224 F.3d at 1263-64. There is an exception to the exemption, however, and claims arising out of the intentionally tortious conduct of an investigative or law enforcement officer of the United States may be brought under

3

the FTCA.  Id.  For purposes of the exemption statute, a law enforcement officer is any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law.  Id.

We have held that a plaintiff cannot avoid the § 2680(h) exclusions by recasting a complaint in terms of a negligent failure to prevent assault or battery because § 2680(h) bars any claim "arising out of" assault or battery, including claims that sound in negligence but stem from a battery committed by a government employee.  Metz v. United States, 788 F.2d 1528, 1533 (11th Cir. 1986).  "It is the substance of the claim and not the language used in stating it which controls."  JBP Acquisitions, 224 F.3d at 1264 (quoting Gaudet v. United States, 517 F.2d 1034, 1035 (5th Cir.1975)).

In Sheridan v. United States, 487 U.S. 392, 108 S. Ct. 2449 (1988), the Supreme Court permitted plaintiffs to bring a negligence claim against the United States when the government purportedly had been negligent in failing to prevent an off-duty employee from leaving a government hospital intoxicated and with a loaded weapon.  The Court held that, although plaintiff's injuries stemmed from the battery committed by the employee, the negligence claim did not arise out of the battery because the government's duty was independent of any employment relationship between the employee and the government.  Id. at 401-402, 108 S. Ct.

4

at 2455-2456. Regardless of the employment relationship, the government would have owed a duty to the plaintiffs even if the employee had been a regular civilian. Id. As such, the government could be liable for negligence because the employment status of the offender had no bearing on the plaintiff's claim for damages. Id. at 403, 108 S. Ct. at 2456. The Court, however, did not address the question of whether negligent hiring, negligent supervision, or negligent training could ever provide the basis for liability under the FTCA for a foreseeable assault or battery by a government employee because, in Sheridan, the offender's employment status was irrelevant to the negligence claim. Id. at 403 n.8, 108 S. Ct. at 2456 n.8.

Unlike Sheridan, the only basis here for liability to attach to the United States as a result of Reed's assailant's actions would be via the employment relationship itself. Were the government aware of the assailant's purportedly violent history, it would only be as a result of the knowledge it gained as his employer and any liability on the part of the government would inure solely because of its status as Reed's and the assailant's employer. Because Reed's negligent hiring claim arose from an assault and battery and he did not allege a claim against a law enforcement officer, as defined by the statute, his claim was barred by sovereign immunity and properly dismissed for lack of subject matter

5

jurisdiction.

II.

We review <u>de novo</u> the dismissal of a complaint pursuant to Rule 12(b)(6), taking the factual allegations as true. <u>Trawinski v. United Technologies</u>, 313 F.3d 1295, 1297 (11th Cir. 2002). A plaintiff's factual allegations, however, "must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp., v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). An allegation must plausibly suggest and not merely be consistent with a violation of the law. <u>Davis v. Coca-Cola Bottling Co., Consol.</u>, 516 F.3d 955, 974 n.43 (11th Cir. 2008).

Under section 301 of the Labor-Management Relations Act, an employee may bring a suit against an employer and the employee's union for breach of duties owed the employee under a collective bargaining agreement. 29 U.S.C. § 185(a). Such a suit is called a § 301 hybrid claim. <u>Coppage v. U.S. Postal Service</u>, 281 F.3d 1200, 1203-1204 (11th Cir. 2002). A union, as an exclusive bargaining representative of an employee, has a duty to fairly represent the employee in its collective bargaining and its enforcement of the resulting collective bargaining agreement. <u>Vaca v. Sipes</u>, 386 U.S. 171, 177, 87 S. Ct. 903, 909-910 (1967). Under the doctrine of fair representation, the union must serve the interests of all members of the union without hostility or discrimination toward any member, must

6

exercise its discretion with complete good faith and honesty, and must avoid arbitrary conduct.  Id. at 177, 87 S. Ct. at 910.  An employee may bring a suit against both the employer and the union for breach of the collective bargaining agreement and breach of the duty of fair representation.  DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163-164, 103 S. Ct. 2281, 2290 (1983).

The applicable statute of limitations for a § 301 hybrid claim is six months.  Id. at 172, 103 S. Ct. at 2294.  The Supreme Court has also held that claims under a collective bargaining agreement and Title VII are independent, and, as such, filing a claim under the former does not toll the running of the limitations period under the latter.  International Union of Elec., Radio and Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 236, 97 S. Ct. 441, 447 (1976).

Because Reed's § 301 hybrid claims were filed nearly a year and a half after his arbitration decision became final—well beyond the six month limitations period—and because his Title VII claim did not toll the statute of limitations, his claims were properly dismissed as time-barred.  Accordingly, the judgment of the district is

**AFFIRMED.**[2]

---

[2] Appellant's request for oral argument is denied.

7