**Robert HENIN, Plaintiff,**

v.

**Officer J. CANCEL, et al., Defendants.**

**Case No. 09–22965–Civ.**

United States District Court,
S.D. Florida.

April 28, 2010.

1316

John Thornton, Do Campo & Thornton, P.A., Miami, FL, for Plaintiff.

Maureen Donlan, United States Attorney's Office, Miami, FL, Anthony Pogorzelski, U.S. Attorney's Office, Miami, FL, for Defendants.

*ORDER*

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Defendant, United States of America's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction ("Motion") [D.E. 37], filed on March 26, 2010. The Court has carefully considered the parties' written submissions and applicable law.

## I. BACKGROUND

This case arises from events that allegedly transpired following an arrest made by police officers at a casino located on the reservation of the Miccosukee Tribe of Indians of Florida ("Miccosukee Tribe"). The Plaintiff, Robert Henin ("Henin"), filed suit against the Defendants, four police officers and the United States of America, seeking more than $500,000.00 in damages. (*See* First Am. Compl. ("Compl.") [D.E. 34] ). Henin claims that following his arrest on June 17, 2008, he was assaulted and battered, denied medical care and supplies, and subjected to physical, verbal and emotional abuse—all at the hands of the Miccosukee police officers. (*See id.* ¶¶ 12–13). Three of the four counts alleged in the First Amended Complaint ("Complaint") are made against the United States under the Federal Tort Claims Act ("FTCA"): the claims are for negligence (Count I), assault and battery (Count II), and intentional infliction of emotional distress ("IIED") (Count III). (*See id.* ¶¶ 16–22). A single count, which is not at issue in the present Motion to Dismiss, is against the individual Defendant police officers for violation of Henin's constitutional rights, specifically a denial of due process under the Fifth Amendment of the United States Constitution (Count IV). (*See id.* ¶¶ 23–24)

In his Complaint, Henin alleges that each of the Defendant police officers was "commissioned as a law enforcement officer with the Bureau of Indian Affairs, an agency of the United States government, and was acting pursuant to that commission." (*Id.* ¶¶ 8–10). Henin also alleges the United States was "the principal and/or employer of the abusing officers, who were acting within the scope of their employment pursuant to a tribal self-determination contract between the Miccosukee Corporation and the United States government and pursuant to law enforcement commissions granted by the Bureau of Indian Affairs." (*Id.* ¶ 7).

The United States timely filed its Motion to Dismiss the three counts against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting a lack of subject matter jurisdiction. In support of its Motion, the United States attached the Declaration of Jimmy L. Gibson Jr. ("Gibson"), Special Agent in Charge of the Office of Justice Services, District VI, for the Bureau of Indian Affairs ("BIA"), an unsworn statement made pursuant to 28 U.S.C. § 1746. (*See* Mot., Ex. A).

## II. LEGAL STANDARD

■ "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A presumption exists that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985). The burden of establishing that jurisdiction exists falls to the party invoking the court's jurisdiction. *See id.*; *see also McNutt v. Gen.*

*Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts according to the nature of the case."). Furthermore, a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings. *See* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522 (1975).

Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either facial or factual. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990). Like a Rule 12(b)(6) motion, "[a] 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).[1] Factual attacks are different in that they "challenge[ ] the existence of subject matter jurisdiction in fact, irrespective of the pleadings and matters outside of the pleadings, such as testimony and affidavits, are considered." *Id.*

■ Federal district courts have exclusive jurisdiction of civil actions on claims against the United State subject to the FTCA, 28 U.S.C. §§ 2671–2680. *See* 28 U.S.C. § 1346(b)(1). Even though "[t]he United States is generally immune from suit," it has exercised a limited waiver of its sovereign immunity through the FTCA. *Compagnoni v. United States*, 173 F.3d 1369, 1370 n. 3 (11th Cir.1999) (citing *United States v. Sherwood*, 312 U.S. 584, 586,

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

61 S.Ct. 767, 85 L.Ed. 1058 (1941)). The conditions of that waiver "are not to be implied" and "must be strictly construed." *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); *Phillips v. United States,* 260 F.3d 1316, 1318 (11th Cir.2001). In matters where the United States has not waived immunity, courts do not have subject matter jurisdiction over claims against the government. *See Boda v. United States,* 698 F.2d 1174, 1176 (11th Cir.1983).

## III.  ANALYSIS

The United States maintains the Court lacks subject matter jurisdiction because the FTCA does not provide Henin a cause of action for the three claims made against the government. (*See* Mot. at 2). The United States asserts the FTCA specifically precludes Henin's claim for assault and battery, and because the negligence and IIED claims arise out of the alleged assault and battery, they are also barred. (*See id.*). Thus, the issue before the Court is whether the United States has waived its sovereign immunity under the FTCA and agreed to be liable to Henin for the alleged actions taken by the four Miccosukee police officers. The assault and battery claim is addressed separately from the claims for IIED and negligence.

### A.  The Assault and Battery Exception to the FTCA

■ The United States asserts it has not waived sovereign immunity for the claim of assault and battery alleged by Henin because the four Miccosukee police officers are not "investigative or law enforcement officers of the United States Government," as defined by the FTCA. (Mot. at 3–6). In support of this fact, the United States provides the affidavit of Gibson. Henin all but concedes this point in his Response, but urges the Court to allow

him to conduct discovery on the issue. (*See* Resp. at 6–8).

Subject to the FTCA, 28 U.S.C. §§ 2671–2680, the United States waives its sovereign immunity and allows itself to be sued in a federal district court

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The United States acknowledges the two named Miccosukee police officers are federal employees acting within the scope of their employment to the extent they were providing police protection. (*See* Mot. to Substitute Party [D.E. 28], Ex. A ¶ 2). But the FTCA waiver includes a litany of exceptions, *see* 28 U.S.C. § 2680(a)-(n), one of which is directly relevant to Henin's claims:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
>  . . . .
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution [or] abuse of process . . .: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evi-

dence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h). Ergo, the United States has not waived immunity for claims alleging assault or battery by a federal employee unless the acts were committed by an officer who is charged with federal powers. *See also Metz v. United States,* 788 F.2d 1528, 1532 (11th Cir.1986) ("We conclude that the provision permitting governmental liability on the basis of actions of law enforcement officers cannot be expanded to include governmental actors who procure law enforcement actions, but who are themselves not law enforcement officers.").

According to the Declaration of Gibson, the Miccosukee Tribe has not entered into a "deputation agreement" with the BIA and none of the Miccosukee police officers operate under a Special Law Enforcement Commission ("SLEC") with the BIA. (*See* Mot., Ex. A ¶¶ 11–12). As a result, Miccosukee officers are not empowered to enforce federal law. (*See id.* ¶ 14). Even though the alleged assault and battery may have been committed by employees of the United States, the Miccosukee police officers do not fall within the exception— for assault and battery claims—to the exception—for investigative or law enforcement officers—to the FTCA. Thus, Henin's claim for assault and battery cannot lie against the United States.

Henin asks to continue discovery on the issue of whether the officers are federally commissioned because Gibson's statement is at odds with information posted on the website of the Attorney General of the State of Florida. (*See* Resp. at 6–7). Gibson's testimony, provided under threat of perjury, is by far more persuasive than a state-maintained website on the issue of whether the officers hold federal commissions; it is the federal government—not the state—that issues federal commissions. The officers named by Henin are not federally-commissioned officers, and extended discovery will not change this fact.[2]

Henin also maintains the commissioning issue is central to "whether the officers were acting in the course and scope of their employment." (*Id.* at 7). However, the government has already acknowledged the two named police officers "were acting within the respective course and scope of their employment at the time of the alleged incident." (Mot. to Substitute Party, Ex. A ¶ 2). Extended discovery on the commissioning issue is simply unnecessary for the reasons proffered by Henin.

### B. The Negligence and IIED Claims

The United States seeks to dismiss the negligence and IIED claims because "they arise out of the alleged assault and battery." (Mot. at 6). The United States maintains the two claims are "expressly tied to the employment relationship between the United States and the individual Miccosukee officers" and are not "independent of this employment relationship." (*Id.* at 9). Henin asserts the negligence and IIED claims should not be dismissed because "the assault and battery was not alleged to be the event that caused plaintiff's injuries, that resulted in the constitutional violation of the denial of medical care, or from which the intentional infliction of emotional distress claim flows." (Resp. at 8). Instead, Henin suggests that because his Complaint "alleges a series of actions taken over many hours by law enforcement officers employed by the United States," they are independent and

---

**2.** Defendant filed the present Motion on March 26, 2010, after first appearing on December 1, 2009. It is unclear why Plaintiff has not had sufficient time to discover whether the named officers are federally-commissioned officers.

distinct events unrelated to the assault and battery. (*Id.*). The question for the Court is whether Henin's negligence and IIED claims "arise out of" the alleged assault and battery.

A plain reading of the statute reveals the United States has not waived immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h). Just what Congress intended to include and exclude by using the "arising out of" language has been the focus of several Supreme Court decisions. *See, e.g., Sheridan v. United States,* 487 U.S. 392, 398–403, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988); *United States v. Shearer,* 473 U.S. 52, 55–57, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985); *Block v. Neal,* 460 U.S. 289, 298–99, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983). Generally, the question of whether the government has waived immunity under the FTCA becomes an issue when plaintiffs limit their claims to negligence or a claim not listed in section 2680(h) even though one of the excepted intentional torts occurred at some point in the factual chain of events. In *Neal,* for example, the plaintiff alleged negligent supervision and inspection against the government in the building of a home. 460 U.S. at 290, 103 S.Ct. 1089. The government maintained, however, the claims actually arose out of the intentional tort of misrepresentation, a claim the plaintiff had not alleged in her pleadings. *See id.* at 294, 103 S.Ct. 1089. To determine whether the negligent supervision and inspection claims arose out of misrepresentation, the Supreme Court "examined whether the plaintiff had alleged *any injury independent* of her reliance on the alleged misrepresentation." *Metz,* 788 F.2d at 1534 (emphasis added). Finding the government's duty not to misrepresent to be different from its duty of care in inspecting and supervising the construction

of the home, the Court permitted the plaintiff to proceed on the negligence claim. *Neal,* 460 U.S. at 297, 103 S.Ct. 1089.

A similar result was reached in *United States v. Muniz,* 374 U.S. 150, 153, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), where a prisoner assaulted by fellow inmates was permitted to recover against the government for negligence by the prison officials who failed to prevent the assault. And in *Sheridan,* where an intoxicated member of the military randomly shot into a car, the injured were allowed to bring suit against the government for the negligence of three naval corpsmen who failed to subdue the shooter or alert authorities despite their knowledge of the shooter's possession of a weapon and intoxication. 487 U.S. at 395, 108 S.Ct. 2449. In other words, where an intentional tort is committed by a third party—whether a federal employee acting outside the scope of his employment or a civilian—the government might be held liable for the actions of its negligent employees but not for the actions of the intentional tortfeasor.

A different outcome was reached where a plaintiff, whose son had been kidnaped and murdered by a member of the U.S. military, filed a negligence claim against the government for the actions of the service member. *See Shearer,* 473 U.S. at 53–54, 105 S.Ct. 3039. In *Shearer,* the Court determined section 2680(h) did not waive sovereign immunity for "claims like respondent's that sound in negligence but stem from a battery committed by a Government employee." *Id.* at 55, 105 S.Ct. 3039. "[I]t appears that Congress believed that § 2680(h) would bar claims arising out of a certain type of factual situation-deliberate attacks by Government employees." *Id.*

■ The Eleventh Circuit has concluded "[t]he phrase 'arising out of' should be broadly construed." *Metz*, 788 F.2d at 1533 (citing *Kosak v. United States*, 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984)). When considering a claim, " '[I]t is the substance of the claim and not the language used in stating it which controls' whether the claim is barred by an FTCA exception." *JBP Acquisitions, LP v. United States ex rel. FDIC*, 224 F.3d 1260, 1264 (11th Cir.2000) (quoting *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir.1975)). "[A] plaintiff cannot circumvent the [intentional tort] exception simply through artful pleading of its claims." *Id.*

■ The Eleventh Circuit has further held that "a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Metz*, 788 F.2d at 1534 (citing *Neal*, 103 S.Ct. at 1094); *see also O'Ferrell v. United States*, 253 F.3d 1257, 1266 (11th Cir.2001) ("the exceptions in the FTCA are not limited to the torts specifically named therein ...."). "The exception covers actions for negligence when the basis for the negligence action is an underlying claim for [an intentional tort]." *JBP Acquisitions*, 224 F.3d at 1264 (citations omitted). Thus, if an intentional tort was "within the chain of causative events upon which plaintiff's claim is founded," the plaintiff's negligence claim is barred. *Id.* (quoting *Leaf v. United States*, 661 F.2d 740, 742 (9th Cir.1981)).

■ Henin maintains the negligence and IIED claims do not arise from the assault and battery. Rather, he asserts the intentional tort is a separate incident distinguishable from the several events— the denial of medical supplies, the injury to his foot from the jail cell door, the denial of medical care and being lied to— he alleges occurred over the course of hours following his arrest by the Miccosukee officers. However, Henin states in his Complaint that he "suffered grave abuse, *negligently or intentionally* inflicted by federally commissioned officers ... who were negligently supervised by ... the United States" and then lists the series of events he alleges transpired. (Compl.¶ 13) (emphasis added). In framing Count I, he claims the United States "acted with negligence in its treatment of Captain Henin, or in its supervision of the individual officers...." (*Id.* ¶ 17). With respect to the IIED claim, Henin asserts the United States "by *intentional,* reckless, and/or outrageous conduct ... inflicted severe emotional distress upon Captain Henin." (*Id.* ¶ 22) (emphasis added).

Henin's suggestion that these events are discrete and independent from an intentional tort is unpersuasive. The duty the United States owed to Henin as an arrested person—"to treat him with due care"— is the same duty regardless of whether the claim is assault and battery, negligence or IIED. Henin has not shown, as he must in order to establish the Court's subject matter jurisdiction, that the negligence and IIED claims are independent of the alleged intentional tort of assault and battery or even an unstated claim of false arrest or false imprisonment. Rather, the negligence and IIED claims are all part of the causative chain of events surrounding the assault and battery. Moreover, by his own words, Henin alleges the entire series of events were either "negligently or intentionally afflicted." (Compl.¶ 13). This is just the scenario Congress sought to avoid in drafting the "arising under" language. Because Henin's negligence and IIED claims "arise out of" the alleged intentional tort for assault and battery, they cannot be maintained against the United States.

## IV.  CONCLUSION

For the reasons stated herein, it is

**ORDERED AND ADJUDGED** that

1. Defendant's Motion [**D.E. 37**] is **GRANTED.**

2. Counts I through III against the United States are **DISMISSED.**

3. Defendant's Renewed Motion for a Two Month Enlargement of the Expert Discovery Deadlines [**D.E. 57**] is **DENIED as moot.**