**Angel Padua GONZALEZ, Plaintiff,**

**v.**

**AT & T, Caribex Worldwide, Angel Rijos Ortiz, Fiscal de Distrito de Aguadilla, Defendant.**

**Civil No. 14–1243 (PG).**

United States District Court, D. Puerto Rico.

Signed July 9, 2015.

Eugenio W.A. Geigel–Simounet, Law Offices of Wilfredo A. Geigel Gallowsbay, St. Croix, VI, for Plaintiff.

## ORDER

JUAN M. PÉREZ-GIMÉNEZ, District Judge.

On May 5, 2014 Caribex Worldwide (Caribex) filed a Motion to Dismiss for Failure to State a Claim. *See* Docket No. 8. Approximately a month later, on June 4, 2014, AT & T also filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See* Docket No. 16.

On June 4, 2014, co-defendant Angel Rijos Ortiz ("Rijos") filed a Special Appearance to request, *inter alia,* dismissal of the complaint on the same grounds as AT & T. Rijos "adopted by reference" AT & T's Motions at Docket Nos. 16 and 28.

The Court granted in part and denied in part Caribex and AT & T's Motions to Dismiss. *See* Docket No. 49. Accordingly, the Court entered Partial Judgment dismissing the claims against both defendants *without prejudice. See* Docket No. 53 (emphasis supplied). On May 12, 2015 AT & T filed a Motion for Reconsideration. *See* Docket No. 54. For the reasons set forth herein, the Motion is **GRANTED.**

### I. Action is time-barred

AT & T adduces three reasons for requesting reconsideration. First, it claims that the dismissal should have been "with prejudice" insofar as the complaint did not put forth "any plausible non-speculative

allegation under which plaintiff could re-file." *See* Docket No. 54 at page 2.

 Second, AT & T avers that the action is time-barred. According to AT & T, this Court should review the documents incorporated into the complaint as exhibits and make a determination based on that evidence. "Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" *Trans–Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 320 (1st Cir.2008) (*quoting Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir.2001)). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Santana–Castro v. Toledo–Davila*, 579 F.3d 109, 114 (1st Cir.2009).

 In its Motion to Dismiss, AT & T argues that the statute of limitations of one year for 1983 actions, (borrowed from the statute of limitations for personal injury actions in Puerto Rico)[1] had already elapsed when plaintiff filed the action. Unlike the limitation period itself, the accrual date of a section 1983 claim is a matter of federal law. *Wallace*, 549 U.S. at 388, 127 S.Ct. 1091. In *Medina v. Toledo*, 718 F.Supp.2d 194, 204 (D.P.R. 2010), this Court held that "a malicious prosecution claim under the Fourth Amendment, if properly pled, would begin

to accrue on ... the date the criminal charges against [Plaintiff] were dismissed." *See* also, *Hernandez–Cuevas v. Taylor*, 723 F.3d 91, 96 (*citing Wallace*, 549 U.S. at 390, 127 S.Ct. 1091) (holding that a claim of malicious prosecution accrues on the day that the proceedings terminate in the plaintiff's favor.)

 Plaintiff's acquittal in the action which gave rise to this suit was on March 8, 2013. *See* Docket No. 30 at page 4. The judgment, however, was not notified until March 19, 2013. *Id.* In AT & T's view, the statute of limitations began to run on the date that plaintiff was acquitted, not when he received the Court's notification of the entry of judgment. *See* Docket No. 54 at page 6. AT & T reasons that plaintiff knew of the injury since the actual date of his acquittal yet waited until March 20, 2014 to file the complaint. Since more than one year elapsed between the time of acquittal and the filing, the action would time barred. However, if the proceedings were deemed to be "terminated" on the date that entry of judgment was *notified*, then the action would be timely.

The court is thus charged with determining whether the act triggering the statute of limitations is the verdict or the notification of the judgment. Neither plaintiff nor AT & T cite legal sources on point to support their respective positions. AT & T mentions a single case, *Rodriguez–Esteras v. Solivan–Diaz*, 266 F.Supp.2d 270 (D.P.R.2003) which does little to advance its position. In *Rodriguez–Esteras*, the District Court addressed the statute of limitations issue with a passing sentence because if found that "[r]egard-

---

1. Although section 1983 provides a federal cause of action, the length of the limitations period is drawn from state law. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The parties do not dispute that the statute of limitations period of

one year for tort actions under Puerto Rico law applies to a section 1983 suit. *Centro Medico del Turabo v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir.2005); *see also* 31 P.R. Laws Ann. § 5298(2).

less of the actual date in which the criminal proceedings terminated, the action was timely." . *See Rodriguez–Esteras*, 266 F.Supp.2d at 279.

Padua's legal support fares no better. He cites *Guzman–Rivera v. Rivera–Cruz*, 29 F.3d 3 (1st Cir.1994) in which the Court stated that a " § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Guzman–Rivera*, 29 F.3d at 5. But the Court does not discuss when is the operative date for such "invalidation" of the sentence, thus leaving the accrual issue unresolved.

In the absence of proper legal foundation from the parties, the Court finds guidance in First Circuit jurisprudence holding that failure to provide notice of entry of judgment to the parties, as required by Fed.R.Civ.P. 77(d)(1), "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed." *See* Fed. R.Civ.P. 77(d)(2); *see also Colon–Santana v. Martinez–Malave*, 125 F.3d 841, 1997 WL 556059, at *2 (1st Cir. August 22, 1997) (finding that even if appellant did not receive notice of entry of judgment within the appeal period he was not entitled to Rule 60(b) relief because he had not alleged that "he diligently monitored" the docket to see if a ruling had been issued.). Moreover, "parties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them." *Colon–Santana*, 1997 WL 556059, at *2 (citing *Witty v. Dukakis*, 3 F.3d 517, 520 (1st Cir.1993)).

In addition, this Court has held on numerous occasions that the statute of limitations in a § 1983 claim generally begins to run "when the plaintiff 'knows or has reason to know of the injury which is the basis for the claim.' " *Rodriguez–Garcia v. Municipality of Caguas*, 354 F.3d 91, 96–97 (1st Cir.2004) (quoting *Rodriguez Narvaez v. Nazario*, 895 F.2d 38, 41 n. 5 (1st Cir.1990)); *see also, Carreras–Rosa v. Alvez–Cruz*, 127 F.3d 172, 174 (1st Cir. 1997).

Hence, we find that plaintiff's action accrued on March 8, 2013 and the statute of limitations began to run on the next day, March 9, 2013. The applicable 365–day period would have expired on Saturday, March 9, 2013 but, because weekend days are excluded, the limitations period was extended until the following Monday, March 11, 2013. Therefore, the action is time-barred.

## II. Statute of limitations was tolled

The analysis does not stop here. Plaintiff claims that, in the alternative, he tolled the statute of limitations with an extrajudicial letter dated May 14, 2013 though he failed to attach the letter to the complaint. *See* Docket No. 25, page 12. It was defendant AT & T that appended plaintiff's letter to its Reply to Plaintiff's Opposition. *See* Docket No. 28–1.

Puerto Rico law provides for interruption of the statute of limitations by way of an "extrajudicial letter." *See Santana–Castro v. Toledo–Davila*, 579 F.3d 109, 114 (1st Cir.2009). To effectively toll the statute of limitations, (1) "the extrajudicial letter must seek the same form of relief as the subsequent complaint; (2) the causes of action asserted in the complaint must be based on the same substantive claims as asserted in the extrajudicial letter; and (3) the claims must be asserted against the same defendants in the same capacities; new defendants should not be added." *Tokyo Marine v. Perez & Cia., De Puerto Rico, Inc.*, 142 F.3d 1, 4–5 (1st Cir.1998) (internal citations omitted); see

also, *Rodriguez Narvaez v. Nazario,* 895 F.2d 38 (1st Cir.1990) (internal citations omitted). Moreover, "[t]he Puerto Rico Supreme Court has limited the tolling effect of an extrajudicial letter to situations where the letter is 'identical' to a subsequently filed complaint." *Santana–Castro,* 579 F.3d at 114 (*citing Cintrón v. Estado Libre Asociado de P.R.,* 27 P.R. Offic. Trans. 582, 127 D.P.R. 582, 1990 WL 658719 (1990)).

██ According to AT & T, the letter "does not meet the precision, specificity and identicality requirements set forth for tolling" particularly because it does not "assert the same causes of action nor seeks the same remedies as the Complaint." *See* Docket No. 28 at page 6. "Puerto Rico law requires sufficient detail 'to put defendant on notice of the general nature of their claims.'" *Santana–Castro,* 579 F.3d at 116. What's more, the First Circuit has expressed that: "[t]he identicality requirement prevents plaintiffs from circumventing the notice function of the statutes of limitations by asserting different claims in belated federal court complaints." *Id.* at 115 (*citing Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91, 97 (1st Cir.2004)).

██ After careful review of the May 14, 2013 letter, the Court concludes that it is not sufficiently identical to the plaintiff's subsequent § 1983 malicious prosecution claim. The letter states that AT & T is liable to plaintiff pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code as well as "the applicable Restatement of Law, Statutes Governing Product Liability." *See* Docket No. 28–1. The Complaint, however, seeks relief under 42 U.S.C. § 1983[2] and supplemental jurisdiction under Article 1802.

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color regulation, custom, or usage, of any of any statute, ordinance, State or Territory." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (internal quotation marks omitted).

The letter failed to assert, even remotely, the factual allegations supporting malicious prosecution that ultimately were raised in the complaint. In addition, the letter mentions Caribex and AT & T but does not include the other codefendants that were added as parties to the complaint, namely, Angel Rijos and "the Aguadilla Prosecutor". *See* Docket No. 1. As previously discussed, the statute of limitations is only interrupted when the extrajudicial letter asserts the same claims against the same defendants in the same capacity and no new defendants are added. *See Santana–Castro,* 579 F.3d at 114.

For that reason, this Court is precluded from finding that defendants would have been on sufficient notice to defend a malicious prosecution claim. Therefore, plain-

---

**2.** To succeed in a claim for malicious prosecution, a plaintiff must show "that defendants acted with malice and without probable cause, defined as 'a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true.'" *Abreu–Guzman v. Ford,* 241 F.3d 69 (1st Cir.2001) (*citing Lora–Rivera v. Drug Enforcement Admin. Dep't of Justice,* 800 F.Supp. 1049, 1051–52 (D.P.R.1992)). To es-

tablish the elements of such a claim, a plaintiff must prove that: "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Hernandez–Cuevas v. Taylor,* 723 F.3d 91, 101 (1st Cir.2013) (*citing Evans v. Chalmers,* 703 F.3d 636, 647 (4th Cir.2012)).

tiff's section 1983 claims are time-barred and DISMISSED WITH PREJUDICE.

Plaintiff's Article 1802 claims fare no better. Based on Padua's failure to meet the identicality requirement, the state law claims are also time-barred.

### III. Dismissal as to Angel Rijos

Lastly, AT & T states that the complaint should be dismissed as to codefendant Angel Rijos because he adopted by reference AT & T's Motion to Dismiss and subsequent Reply. *See* Docket Nos. 39 and 41. Because the action for malicious prosecution is time-barred, the complaint against Mr. Rijos is DISMISSED WITH PREJUDICE.

### IV. Conclusion

In light of the above, the Court GRANTS AT & T's Motion for Reconsideration of Partial Judgment Dismissing Plaintiff's claims Without Prejudice. The claims are thus DISMISSED WITH PREJUDICE.

**IT SO ORDERED.**